# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TAMIKO HARRIS-MORRISON, individually and on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SABERT CORPORATION,<br><br>　　　　　　Defendant. | Case No. 1:23-cv-16120 |

## NOTICE OF REMOVAL

Defendant Sabert Corporation ("Sabert" or "Defendant"), by and through its undersigned attorneys, Foley & Lardner LLP, hereby respectfully removes the instant case from the Circuit Court of Cook County, Illinois, where it is captioned *Tamiko Harris-Morrison v. Sabert Corporation*, Case No. 2023-CH-08057, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

Sabert removes this case to this Court pursuant to 28 U.S.C. § 1331 as Plaintiff alleges a claim against Sabert arising under the Constitution, laws, or treaties of the United States, thereby conferring federal question jurisdiction on this Court. In support of this notice of removal, and in accordance with 28 U.S.C. § 1446, Sabert states as follows:

**I.　　RELEVANT PROCEDURAL HISTORY**

1.　　On or about September 11, 2023, Plaintiff commenced this action by filing a Complaint in the Circuit Court of Cook County, Illinois, entitled *Tamiko Harris-Morrison v. Sabert Corporation*, Case No. 2023-CH-08057 (the "Action").

2. On October 20, 2023, Plaintiff caused the Summons and Complaint in the state court Action to be served on Sabert's registered agent for service of process. (Declaration of Christopher Ward ("Ward Decl."), ¶ 3.) A true and correct copy of Plaintiff's Complaint is attached to the Ward Decl. as **Exhibit A**.

3. The Complaint alleges only one count, violations of 410 ILCS 513/25, the Illinois Genetic Information Privacy Act ("GIPA"). Plaintiff specifically alleges that "in or around June 2019" she was "required to submit to a physical examination as a requirement of her employment with Defendant," and during that physical examination, "the provider verbally requested [Plaintiff] to disclose her family medical history, including whether medical conditions with genetic predispositions has manifested in her parents, including cardiac health, cancer, and diabetes, among other ailments." (Ward Decl., Ex. A., Complaint, at ¶ 27.) Plaintiff also alleges that the physical examination was conducted by a third-party medical provider and that this physical examination "was a condition of employment because Defendant required [Plaintiff] to attend this physical in order to be hired." (*Id*, at ¶¶ 27, 33.)

4. Although not specifically alleged, the Complaint further makes reference to a "workplace wellness program" that the physical examination allegedly occurred in connection therewith. (*Id*, at ¶ 32.) Furthermore, through communications between counsel for Plaintiff and counsel for Sabert prior to this Removal, Plaintiff's counsel has confirmed that the allegations of this case relate to information Plaintiff provided to Sabert's group health insurance benefits provider to secure reduced premium rates for the cost of her employer-sponsored health insurance benefits. (Ward Decl., ¶ 6.) Not only is that process *not* controlled by Sabert, but, as further set forth *infra*, it is also entirely subject to the Employee Retirement Income Security Act of 1974 ("ERISA") and its extensive preemptive sweep.

## II. REMOVAL IS PROPER UNDER FEDERAL QUESTION JURISDICTION

5. Employee benefits plans and the administration thereof are regulated entirely by federal law via ERISA. *See Jacobson v. Humana Ins. Co.*, No. 05 C 1011, 2005 U.S. Dist. LEXIS 13605, at *5-6 (N.D. Ill. June 6, 2005) ("Congress envisioned that ERISA would 'reserve to Federal authority the sole power to regulate the field of employee benefit plans.'") (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987)).

6. Pursuant to this sweeping federal regulation of employee benefit plans, ERISA preempts state law claims where two factors are present: "(i) there must be an employee welfare benefit plan, and (ii) the state law must 'relate to' the employee benefit plan." *Id*. at *6. *See also Wise v. Harris Info. Sys.*, No. 95 C 2507, 1995 U.S. Dist. LEXIS 13393 (N.D. Ill. Sept. 13, 1995) (denying motion to remand case to state court as state law cause of action related to an ERISA-covered plan and as such, was preempted).

7. Sabert believes and on good faith avers, largely in reliance upon the information that Plaintiff's counsel has provided to Sabert's counsel as referenced in Paragraph 4 *supra*, that the Complaint alleges claims subject to ERISA, 29 U.S.C. § 1001, *et seq*. Plaintiff minimally alleges that as a condition of her employment, Sabert, through a third-party medical provider, sought and Plaintiff provided to that third-party medical provider, her family medical history "in furtherance of a workplace wellness program." (Ward Decl., Ex. A., Complaint, at ¶ 32.) Any such workplace wellness program is not only voluntary and *not* a condition of employment, but is also controlled by the employee benefit plans provided to individuals employed by Sabert.

8. Based on the foregoing, Plaintiff's single cause of action under GIPA satisfies the two requirements for ERISA preemption to apply. Further, for Plaintiff to prove liability under GIPA, the parties would be required to litigate the propriety of the administration of the employee benefit plans provided through Sabert and the process related to the information Plaintiff provided

to secure reduced premium costs for her employer-sponsored benefits, in addition to Sabert and its employee benefit plan sponsor's compliance with ERISA and other federal statutes and regulations. Therefore, Plaintiff's state law claim relates to ERISA and other federal statutes and regulations.

9. Accordingly, Plaintiff alleges a claim against Sabert arising under the Constitution, laws, or treaties of the United States, thereby conferring federal question jurisdiction on this Court pursuant to 28 U.S.C. § 1331. This Action may therefore be removed to this Court by Sabert pursuant to 28 U.S.C. §§ 1331 and 1441(a).

### III. THIS NOTICE OF REMOVAL IS TIMELY

10. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because this removal is being filed within 30 days of service of the Complaint.

### IV. THE OTHER REQUIREMENTS FOR REMOVAL ARE MET

11. Removal to this Court is proper as the Circuit Court of Cook County, Chancery Division, where this Action was originally filed, is located within this district.

12. Sabert believes that the documents contained in **Exhibit A** to the Ward Decl. comprise the complete record of filings made in the Circuit Court of Cook County, Chancery Division.

13. Pursuant to 28 U.S.C. § 1446(d), Sabert is filing with the Clerk of the Circuit Court of Cook County, Chancery Division, Illinois in which this Action is currently pending a Notice to State Court and Adverse Parties of Removal, together with this Notice of Removal and supporting documents. Copies of the Notice of Removal are also being served on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d). (Ward Decl., ¶ 6.)

14. This Notice of Removal is filed subject to and with full reservation of rights, including but not limited to, defenses and objections to venue, improper service of process, and

4

personal jurisdiction. No admission of fact, law, or liability is intended by this Notice of Removal, and all defenses, motions, and pleas are expressly reserved.

WHEREFORE, Sabert respectfully removes this Action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, and for such further relief as may be just and proper, and that this Court accept jurisdiction of the Action and henceforth that the Action be placed on the docket of this Court for further proceedings, the same as though the Action had originally been instituted in this Court.

Dated: November 20, 2023     Respectfully submitted,

/s/ *Christopher Ward*
Christopher Ward
John Litchfield
Patrick McMahon
Samantha Saddler
CWard@foley.com
JLitchfield@foley.com
pmcmahon@foley.com
ssaddler@foley.com
Foley & Lardner LLP
321 North Clark Street, Suite 3000
Chicago, IL 60654
312.832.4500
312.832.4700

*Attorneys for Sabert Corporation*

5

## **CERTIFICATE OF SERVICE**

I, Christopher Ward, an-attorney, hereby certify that on November 20, 2023, I caused the foregoing NOTICE OF REMOVAL to be served on the following parties, by First Class U.S. mail, postage prepaid, properly addressed to:

Edward A. Wallace
Mark R. Miller
Molly C. Wells
Wallace Miller
150 N. Wacker Drive, Suite 1100
Chicago, IL 60606
T: (312) 261-6193
eaw@wallacemiller.com
mrm@wallacemiller.com
mcw@wallacemiller.com

David J. DiSabato
Kyle D. McLean
Siri & Glimstad LLP
745 Fifth Avenue, Suite 500
New York, NY 10151
T: (212) 532-1091
ddisabato@sirillp.com
kmclean@sirillp.com

*Attorneys for Plaintiff*

/s/ Christopher Ward
Christopher Ward