UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMIKO HARRIS-MORRISON, individually and on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>SABERT CORPORATION,<br><br>            Defendant. | Judge Edmond E. Chang<br><br>Case No. 1:23-cv-16120 |

**DEFENDANT'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Defendant Sabert Corporation ("Sabert" or "Defendant"), by and through its undersigned attorneys, Foley & Lardner LLP, respectfully move this Court for an order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing Plaintiff Tamiko Harris-Morrison's ("Plaintiff") Complaint, or in the alternative, for an order pursuant to Fed. R. Civ. P. 12(e) ordering Plaintiff to file a more definite statement. Counsel for Sabert reached out to counsel for Plaintiff to seek Plaintiff's consent or objection to the foregoing Motion, but received no response.

**INTRODUCTION**

While Plaintiff focuses pages of her Complaint on the detailed history of the Illinois Genetic Information Privacy Act ("GIPA"), her Complaint actually either: (i) concedes that her cause of action under GIPA is clearly subject to the extensive preemptive sweep of the Employee Retirement Income Security Act of 1974 ("ERISA"); or (ii) neglects to plead sufficient factual details to make clear to the Court that her allegations ultimately require a finding of ERISA preemption as a matter of law. Plaintiff effectively admits that her allegations that Sabert violated

GIPA relate to information Plaintiff provided to Sabert's group health insurance benefits provider in conjunction with a "workplace wellness program." Such a process is not only not controlled by Sabert, but it is subject to ERISA's extensive preemptive sweep. And if the Court does not find these allegations sufficient to confirm ERISA preemption, then these allegations are not sufficient to state <u>any</u> valid claim for violation of GIPA. The Court should accordingly dismiss Plaintiff's Complaint without leave to amend, or in the alternative, order Plaintiff to file a more definite statement pursuant to Fed. R. Civ. P. 12(e).

## **BACKGROUND**

On or about September 11, 2023, Plaintiff commenced this action by filing a Complaint in the Circuit Court of Cook County, Illinois, entitled *Tamiko Harris-Morrison v. Sabert Corporation*, Case No. 2023-CH-08057 (the "Action"). On October 20, 2023, Plaintiff caused the Summons and Complaint in the state court Action to be served on Sabert's registered agent for service of process. On November 20, 2023, Sabert filed its Notice of Removal to remove the Action to this Court. Plaintiff's Complaint brings only one cause of action against Sabert: violation of GIPA. As Plaintiff acknowledges, GIPA prohibits employers from, among other things, "directly or indirectly…solicit[ing], request[ing], requir[ing] or purchas[ing] genetic testing or genetic information of a person or a family member of the person, or administer a genetic test to a person or a family member of the person as a condition of employment, preemployment, application…." 410 ILCS 513/25(c)(1).

Plaintiff pleads only that "in or around June 2019, Defendant directly or indirectly solicited, requested, or required [Plaintiff] to disclose her genetic information in the form of diseases and conditions that had manifested in her family members as a condition of employment" during a "physical examination…conducted at [Defendant's] Cicero Facility by a third-party medical provider…." (Complaint, ¶¶ 26, 27.) Plaintiff then initially claims this alleged solicitation was a

2

"condition of employment because Defendant required Ms. Harris-Morrison to attend this interview in order to be hired," only to then clearly contradict this purported "condition of hire" occurring in June 2019 by admitting that Plaintiff was employed by Defendant "from on or about June 15, 2013 through on or about March 15, 2020." (Complaint, ¶¶ 33, 36). Plaintiff's Complaint further refers to a "workplace wellness program" that the physical examination allegedly occurred in connection therewith.[1] (*Id*, at ¶ 32.)

Plaintiff thereafter jumps to alleging that Sabert supposedly violated GIPA, all based on Plaintiff's "understand[ing]" and "information and belief" of: (1) who allegedly collected Plaintiff's family medical history; (2) when that conversation occurred and the purposes of that conversation; and (3) Sabert's alleged malicious intentions for the use of such data, which of course, Plaintiff could not plead that Sabert itself actually collected. (Complaint, ¶¶ 37-39 ("Plaintiff understands, on information and belief, that Defendant, *or agents on its behalf…*") (emphasis added)). The purpose of that purported collection clearly relates to a "workplace wellness program." (*Id*, at ¶ 32.)

To the extent these allegations are not sufficient to find ERISA preempts this matter, then Plaintiff's Complaint fails to meet Fed. R. Civ. P. 8's pleading standards because it does not describe with any reasonable degree of particularity what alleged actions Sabert took in purported violation of GIPA. Plaintiff minimally alleges that as a condition of her employment, Sabert,

---

[1] As noted in Sabert's removal papers to this Court, counsel for Plaintiff, through communications with counsel for Sabert, has acknowledged that the allegations in this case pertain to an optional process Sabert offers that allows employees to reduce the premium cost they pay for coverage in Sabert's employer-sponsored group health insurance benefits. However, Sabert has elected not to specifically rely on this information for purposes of this Rule 12 motion to avoid the risk of it being converted to a motion under Fed. R. Civ. P. 56. Nevertheless, Plaintiff's Complaint – and particularly the allegations of Paragraph 32 – certainly suggest that employee benefits plans and the cost to participate are at the center of this matter.

3

through a third-party medical provider, sought Plaintiff's family medical history "in furtherance of a workplace wellness program," and Plaintiff provided that information. (Complaint, ¶ 32.) Any such workplace wellness program is not only voluntary and not a condition of employment, it is also directly related to the employee benefit plans provided to individuals employed by Sabert. If these allegations do not suffice to make clear that group benefits plans and their administration are at the center of this case (at least from within the four corners of the Complaint), then they do not suffice to give Sabert fair notice of how Plaintiff contends the company's purported actions violated GIPA.

## ARGUMENT

A court considering a Rule 12(b)(6) motion accepts all well-pled allegations as true and draws all inferences in the light most favorable to the plaintiff. *De David v. Alaron Trading Corp.*, 796 F. Supp. 2d 915, 920 (N.D. Ill. 2010). However, the allegations still "must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the 'speculative level.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Dismissal under Rule 12(b)(6) is warranted if the complaint fails to establish that the requested relief is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 544, 555 (2009). In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the <u>defendant is liable for</u> the misconduct alleged." *Ericson v. Conagra Foods, Inc.*, 559 F. Supp. 3d 705, 711 (N.D. Ill. Sept. 10, 2021) (quoting *Ashcroft*, 556 U.S. at 678) (emphasis added). Whether to dismiss a claim with prejudice is committed to the discretion of the court, but is appropriate when "it is clear that the defect cannot be corrected" and that therefore an "amendment is futile." *Davis v. MRS BPO, LLC*, No. 15-2303, 2015 WL 4326900, at *3 (N.D, Ill. July 15, 2015) (quoting *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 768 F.3d 510, 520 (7th Cir. 2015)).

4

### I. As Pled, Plaintiff's Only Cause of Action is Preempted by ERISA.

Accepting Plaintiff's allegations as true for purposes of this Motion that Sabert purportedly collected family medical history in connection with a "workplace wellness program," Plaintiff's only cause of action must fail because it is preempted by ERISA. Like most employers, Sabert does not control the employee benefits plans and processes offered to employees of Sabert and merely sponsors them through third-party administrators – a fact Plaintiff concedes. Regardless of that fact, any workplace wellness programs that have a direct effect on group health insurance benefits – such as is the apparent case here – are entirely subject to ERISA and its extensive preemptive sweep.

Employee benefit plans and the administration thereof is regulated entirely by federal law via ERISA. *See Jacobson v. Humana Ins. Co.*, No. 05 C 1011, 2005 U.S. Dist. LEXIS 13605, at *5-6 (N.D. Ill. June 6, 2005) ("Congress envisioned that ERISA would 'reserve to Federal authority the sole power to regulate the field of employee benefit plans'") (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987)). Pursuant to this sweeping federal regulation of employee benefit plans, ERISA preempts state law claims if two factors are present: "(i) there must be an employee welfare benefit plan, and (ii) the state law must 'relate to' the employee benefit plan." *Id*. at *6; *see also Garrity v. Sun Life & Health Ins. Co. (U.S.)*, 596 F. Supp. 3d 1111, 1119 (N.D. Ill. Mar. 31, 2022) (granting motion to dismiss complaint because plaintiff's causes of action preempted under ERISA).

Plaintiff alleges that Sabert, through a third-party medical provider, sought and Plaintiff provided to that third-party medical provider her medical history "in furtherance of a workplace wellness program." (*Id* at ¶ 32.) Such a process is therefore controlled entirely by Sabert's employee benefit plan sponsor and relates to the costs of benefits and administration of the benefits

plan. Because there is no scenario outside of the administration of employee benefit plans where Plaintiff's factual allegations could have arisen in the course of her employment at Sabert, her single cause of action under GIPA satisfies the two requirements for ERISA preemption to apply. Moreover, for Plaintiff to prove liability under GIPA, the parties would be required to litigate the propriety of administration of the employee benefit plans provided through Sabert and medical insurance premiums related thereto, in addition to Sabert's and its employee benefit plan sponsor's compliance with ERISA and other federal statutes and regulations. Plaintiff's single state law cause of action thus relates to ERISA and is therefore preempted. *See, e.g., Cima v. WellPoint Health Networks, Inc.*, 250 F.R.D. 374 (S.D. Ill. Mar. 18, 2008) (finding, with respect to Illinois state law HIPAA claims, that "many, if not most, of the group insurance plans at issue in the proposed class are governed by [ERISA]" and "ERISA broadly preempts state-law claims related to employee welfare benefit plans") (provisions of ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan"). Plaintiff's Complaint must accordingly be dismissed.

## II.  Plaintiff's Complaint Fails To State A Claim Under Fed. R. Civ. P. 8.

To the extent the Court concludes Plaintiff's superficial allegations do not make clear ERISA preemption applies, then her Complaint falls woefully short of satisfying the basic pleading standards called for by Fed. R. Civ. P. 8 with respect to *any* potential claim under GIPA. Rule 8(a)(2) requires complaints to contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Courts have routinely held that a complaint "must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief,'…sufficient to provide defendant with 'fair notice' of the claim and the basis for it." *Rodriguez v. Ford Motor Co.*, 596 F. Supp. 3d 1050, 1053 (N.D. Ill. Mar. 31,

2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Such a standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id* (quoting *Ashcroft*, 556 U.S. at 678).

      Sabert believes the Complaint contains sufficient information to indicate ERISA preemption applies. But if the Court sees it otherwise, then the "unadorned, the defendant-unlawfully-harmed-me-accusation" is all Plaintiff has pled here. Plaintiff alleges that at some unidentified point and on an unidentified date during her employment she attended a physical examination conducted by a "third-party medical provider." (Complaint, ¶¶ 26-27.) Plaintiff alleges, "upon information and belief," that the individual who conducted this alleged physical examination was authorized to do so "by an employee of Defendant" and that during the "physical [examination], the provider verbally requested Ms. Harris-Morrison to disclose her family medical history…." (*Id.* at ¶ 27.) Plaintiff then pleads, in a most conclusory fashion, that this alleged "physical" "was a condition of employment because Defendant required Ms. Harris-Morrison to attend this interview in order to be hired" – even though Plaintiff also admitted starting her employment at Sabert in 2013 – and that "Ms. Harrison-Morrison's employment was conditioned upon successful completion of the physical…." (*Id* at ¶¶ 34-35.) But Plaintiff does not allege who conducted the alleged physical, the date of the alleged physical, or who or when Sabert or an agent of Sabert told Plaintiff such a physical was a required condition for employment. Plaintiff merely alleges because such a physical supposedly took place, that alleged "physical" must have been a condition of Plaintiff's employment and in connection with a "workplace wellness program." This is not only severely logically flawed, but incorrect as a matter of fact. As pled, Plaintiff's allegations simply do not state a claim under Fed. R. Civ. P. 8, and Plaintiff's Complaint must be accordingly dismissed.

### III. In the Alternative, This Court Should Order Plaintiff File a More Definite Statement of Her Claims.

In the event this Court declines to dismiss Plaintiff's Complaint, Plaintiff should be ordered to file a more definite statement considering the vague and ambiguous nature of her Complaint. A more definite statement of a plaintiff's claims is warranted when a complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *see also Nat'l Experiential, LLC v. City of Chicago*, 590 F. Supp. 3d 1116, 1127 (N.D. Ill. Mar. 9, 2022) (ordering plaintiff to amend its complaint under Rule 12(e) where "it is not entirely clear what, exactly, [plaintiff] is alleging," including what actions, if any, defendant took that harmed plaintiff); *Hamilton v. Oswego Cmty. Unit Sch. Dist. 308*, 2021 U.S. Dist. LEXIS 36408, at *15-16 (N.D. Ill. Feb. 26, 2021) (ordering plaintiffs to amend complaint as to one co-plaintiff where it was "difficult to decipher, what, exactly, she is alleging in her own capacity" as compared to the other plaintiffs). Counsel has indicated through communications and information outside the four corners of the Complaint that Plaintiff's allegations relate to a wellness program and information collected in connection with a reduction in Plaintiff's group health insurance premium cost. If the Court is not inclined to dismiss, it should require Plaintiff plead with particularity what her counsel has disclosed so the Court can clearly see – and make appropriate rulings of law in response – that she alleges violation of GIPA due to the nature of an employee benefit plan process offered by the plan sponsor that provides benefits to Sabert employees. And should Plaintiff be attempting to claim a violation of GIPA based on some other non-preempted scenario, Plaintiff needs to file a more definite statement in order for Sabert to intelligibly respond. Consequently, in the event this Court does not dismiss Plaintiff's Complaint, Plaintiff should be ordered to file a more definite statement under Fed. R. Civ. P. 12(e).

4884-4940-6098.2

**CONCLUSION**

For the foregoing reasons, Sabert requests the Court dismiss the single cause of action in Plaintiff's Complaint without leave to amend, or in the alternative, order Plaintiff to file a more definite statement of her claim.

Dated: November 27, 2023　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　/s/ _Christopher Ward_____

　　　　　　　　　　　　　　　　　　　　Christopher Ward
　　　　　　　　　　　　　　　　　　　　John Litchfield
　　　　　　　　　　　　　　　　　　　　Patrick McMahon
　　　　　　　　　　　　　　　　　　　　Samantha Saddler
　　　　　　　　　　　　　　　　　　　　CWard@foley.com
　　　　　　　　　　　　　　　　　　　　JLitchfield@foley.com
　　　　　　　　　　　　　　　　　　　　PMcmahon@foley.com
　　　　　　　　　　　　　　　　　　　　SSaddler@foley.com
　　　　　　　　　　　　　　　　　　　　Foley & Lardner LLP
　　　　　　　　　　　　　　　　　　　　321 North Clark Street, Suite 3000
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60654
　　　　　　　　　　　　　　　　　　　　312.832.4500
　　　　　　　　　　　　　　　　　　　　312.832.4700

　　　　　　　　　　　　　　　　　　　　*Attorneys for Sabert Corporation*

4884-4940-6098.2

## CERTIFICATE OF SERVICE

I, Christopher Ward, an-attorney, hereby certify that on November 27, 2023, I caused the foregoing DEFENDANT'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS to be filed through the Court's CM/ECF system, which shall send notification of such filing to all counsel of record at their e-mail addresses on file with the Court.

/s/ *Christopher Ward*
Christopher Ward

4884-4940-6098.2